UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKAS NOURI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIGURE LENDING LLC, and DOES 1-100, inclusive,<br><br>Defendant. | Case No.: 26-cv-3872-BJC-JAC<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND TO COMPLAINT**<br><br>**(Doc. No. 11)** |

On November 10, 2026, the parties filed a third joint motion to extend Defendant Figure Lending, LLC's ("Defendant") deadline to respond to the Complaint. ECF. No. 11. For the reasons stated herein, the Joint Motion is **GRANTED IN PART**.

Plaintiff initiated this action on June 2, 2026, in San Diego Superior Court. ECF No. 1. On July 6, 2026, Defendant removed the case to this Court. *Id.* That same day, the parties filed a joint motion seeking to extend Defendant's response deadline from July 13, 2026, to August 12, 2026. ECF No. 6. The Court granted the request. ECF No. 8.

On August 11, 2026, the parties filed their second joint motion seeking to extend Defendant's response deadline. ECF No. 9. The parties stated that they sought "additional

time to engage in informal settlement efforts and potentially mediation." *Id.* ¶ 4. The Court granted the request. ECF No. 10.

By way of the instant Joint Motion, the parties now seek to extend Defendant's response deadline by an additional ninety (90) days, stating that it would "best conserve the parties' and judicial resources to engage in formal mediation to try to resolve this matter." ECF No. 11 ¶¶ 6–8. The Parties state that they are "in the process of selecting a mediator and scheduling that mediation." *Id.* ¶ 6.

Mediation, unlike arbitration, is a non-binding method of dispute resolution that seeks to help litigants voluntarily reach their own agreement. *See, e.g.*, *Jeld-Wen, Inc. v. Superior Ct.*, 146 Cal. App. 4th 536, 540 (2007). There is no guarantee—despite the parties' good intentions—that this action will be resolved by the mediation. In the interim, this action will languish on the Court's docket, discovery may grow stale, and the interests of justice and efficiency will be undermined.

Here, the Court has already granted the parties two previous extension requests, affording the parties an additional four months to resolve this matter informally. *See* ECF Nos. 8; 10. Accordingly, an additional ninety (90) day extension is not warranted at this time, particularly because the parties have yet to select a mediator or schedule the mediation. However, the Court appreciates the parties' efforts to informally resolve this matter. Therefore, the Joint Motion is **GRANTED IN PART**. Defendant must file an answer, or otherwise respond to the Complaint, on or before **December 14, 2026**. The parties are cautioned that, unless a mediation is scheduled, a fourth extension will not be granted. The Court notes that the parties are welcome to contact the chambers of Judge Cabral to request a pre-answer voluntary settlement conference.

**IT IS SO ORDERED.**

Dated: November 19, 2026

Honorable Benjamin J. Cheeks
United States District Judge